CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RR
FEB 17 2011
JULIA C. DUDLEY, CLERK
BY: /s/ M. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAUGHTON W. LACEY, JR., <br> Plaintiff, | ) Civil Action No. 7:10-cv-00139 <br> ) <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) |
| DANIEL BRAXTON, et al., <br> Defendants. | ) By: Hon. Jackson L. Kiser <br> ) Senior United States District Judge |

Plaintiff filed a motion requesting preliminary injunctive relief during the pendency of his 42 U.S.C. § 1983 civil rights complaint.[1] In one of his responses to the defendants' motion for summary judgment, plaintiff accused the warden of his current correctional facility of committing perjury.

Plaintiff alleges the following facts in support of his request for injunctive relief. Plaintiff deposited that response in the prison mail system on January 19, 2011, but believes prison officials withheld it for mailing until January 27, 2011.[2] On February 3, 2011, prison officials moved plaintiff from general population housing into isolation. One of the officers transferring him asked plaintiff whether he accused the warden of perjury, plaintiff said yes, and the officer told him maybe he will learn to not do that again. (Pl.'s Aff. in Supp. Mot. Prelim. Inj. (no. 33-1) ¶ 1.) As a result, plaintiff believes that his life is in danger because no one has told him why he is in isolation for the prior five days, there are not any witnesses to protect him from abuse, and he does not have access to his personal property. He also says he cannot contact anyone, despite the instant motion mailed to the court, because he does not have paper, a pen, an envelope, or stamps. Plaintiff believes that officials are retaliating against him for prosecuting this civil action and preventing him from litigating it by denying him his personal property and access to the prison law library. Plaintiff requests an injunction to order the warden, who is a defendant, to

---

[1] The defendants have filed a motion for summary judgment and plaintiff responded, making the matter otherwise ripe for disposition.
[2] The court received his response on January 24, 2011, and the envelope's date stamp states January 20, 2011.

"cease and desist from retaliating against plaintiff for papers he filed" in this action; to return plaintiff's religious materials to him; to return plaintiff's legal papers related to this action; and to return plaintiff to the same housing pod in general population where he was housed before his isolation.

A preliminary injunction is an extraordinary and drastic remedy. Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). A movant is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Plaintiff fails to establish that he is likely to suffer irreparable harm without a preliminary injunction. Primarily, petitioner fails to establish the defendants' intent or ability to cause him physical harm beyond his own unsubstantiated fears. Moreover, petitioner merely speculates that non-defendant prison staff threaten him or may discipline him and about an unknown possibility of prison sanctions, which also do not seemingly implicate due process rights. See Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995) ("a future or conjectural threat of injury is insufficient to justify injunctive relief"); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right). Plaintiff also fails to establish how ordering his transfer from isolation to the general population

---

Plaintiff also accused the warden of perjury in his other filings in response to the motion for summary judgment. See Pl.'s Mot. to Strike (no. 29); Mot. for Sanctions (no. 31).

2

is in the public's interest, especially since he does not know whether he is in isolation for his own protection or if he is in isolation for violating prison rules and to maintain institutional security. Furthermore, involving a federal court in the day-to-day administration of a prison to control where and how a prisoner may be housed is a course the judiciary generally disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Accordingly, plaintiff fails to establish an entitlement to a preliminary injunction, and I deny his request.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and counsel of record for the defendants.

**ENTER**: This 17th day of February, 2011.

Jackson L. Kiser
Senior United States District Judge