CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR - 5 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAUGHTON W. LACEY, JR.,<br>Plaintiff, | Civil Action No. 7:10-cv-00139 |
| v. | **MEMORANDUM OPINION** |
| DANIEL BRAXTON, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff previously filed a motion requesting preliminary injunctive relief during the pendency of his 42 U.S.C. § 1983 civil rights complaint.[1] In one of his responses to the defendants' motion for summary judgment, plaintiff accused the warden of committing perjury. Plaintiff alleged that the Warden and correctional officers of Augusta Correctional Center ("ACC") subsequently placed him in segregation, frustrated his access to the court, and put him in fear for his safety. After reviewing his request, I denied his motion for preliminary injunctive relief.

Presently before me is plaintiff's "renewed motion" for a preliminary injunction. Plaintiff argues that ACC correctional officers violated Virginia Department of Corrections ("VDOC") procedures about how to place a prisoner in segregation. Plaintiff asks me to stop the ACC officials from seizing his personal items and placing him in segregation. After filing the motion, plaintiff was transferred from the ACC to another VDOC facility.

A preliminary injunction is an extraordinary and drastic remedy. Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is

in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). A movant is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

However, "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)). "Moot questions require no answer," Mo., Kan. & Tex. Ry. v. Ferris, 179 U.S. 602, 606 (1900), and, thus, federal courts "[are] not empowered to decide moot questions or abstract propositions," California v. San Pablo & Tulare R.R., 149 U.S. 308, 314 (1893). Plaintiff's transfer from the ACC moots his request for injunctive relief from the conditions of confinement at the ACC. See, e.g., Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (stating a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (same). The possibility plaintiff may re-enter the ACC is too speculative to consider a preliminary injunction against ACC officials. See L.A. v. Lyons, 461 U.S. 95, 105-08 (1983) (holding that Lyons did not have standing to seek an injunction prohibiting the Los Angeles Police Department from employing chokeholds because he could not establish that he would be subjected to a chokehold in the future). Therefore, preliminary injunctive relief against ACC officials is no longer appropriate, and I deny

---

[1] The matter is ripe for adjudication because the defendants filed a motion for summary judgment and plaintiff responded.

plaintiff's renewed motion.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and counsel of record for the defendants.

**ENTER**: This 5th day of April, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge